| | | |
|---|---|---|
| BEAUTY & THE BEAN, LLC, | ) | |
| a North Carolina limited liability company, | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| | ) | |
| | ) | 28 § 1331 |
| TOWN OF FAITH, NORTH CAROLINA; | ) | (Federal Question) |
| ROWAN COUNTY; and BRIAN'S BREAK | ) | |
| CORP. d/b/a MK TROLLEY ESPRESSO, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Beauty & the Bean, LLC ("Plaintiff"), by and through undersigned counsel, complains and alleges as follows.

## NATURE OF THE ACTION

1. This civil action is brought under 42 U.S.C. § 1983 to redress violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiff also asserts supplemental state law claims under North Carolina's Open Meetings Law, N.C. Gen. Stat. § 143-318.9 et seq., and Public Records Act, N.C. Gen. Stat. § 132-1 et seq. Plaintiff Beauty & the Bean, LLC alleges that Defendants Town of Faith and Rowan County, acting under color of state law, have engaged in differential and non-uniform administration of zoning, building, safety, and related enforcement frameworks that intentionally and without rational basis favor a competing business, Brian's Break Corp. d/b/a MK Trolley Espresso ("MK Trolley"), over Plaintiff, a similarly situated coffee and food service business in Faith, North Carolina

2. Plaintiff further alleges that Defendants have permitted MK Trolley to operate as a de facto permanent restaurant at 204 N. Main Street without required permitting, final inspections, certificates of occupancy, compliant potable water and plumbing systems, or lawful vehicle registration, while strictly enforcing those requirements against Plaintiff and other compliant businesses, and that Defendants have compounded this arbitrary favoritism through ad hoc zoning actions, holding at least one land use meeting without the public notice required by North Carolina's Open Meetings Law, and unreasonably delaying production of records responsive to Plaintiff's public records request. Plaintiff contends that this pattern of selective non-enforcement and procedural irregularities violates the Equal Protection and Due Process Clauses and gives rise to supplemental state-law claims under the Open Meetings Law and Public Records Act, and seeks compensatory and nominal damages, declaratory relief, injunctive relief, and attorneys' fees as permitted by federal and state law.

**<u>PARTIES</u>**

3. Plaintiff Beauty & the Bean, LLC is a North Carolina limited liability company composed of two North Carolina residents as members and managers that operates a hair salon, thrift shop, and coffee and food service business in Faith, North Carolina.

4. Plaintiff is owned and managed by Alexis Ksobiech and Dawn Davis, residents of Rowan County, North Carolina.

5. Defendant Town of Faith, North Carolina ("Town") is a municipal corporation organized under the laws of North Carolina.

6. Defendant Rowan County ("County") is a political subdivision of the State of North Carolina that, as alleged, administers commercial plan review, inspections, and

occupancy authorization for commercial operations open to the public within its geographic boundaries.

7. Upon information and belief, Defendants Rowan County and Town of Faith have waived sovereign immunity through the purchase of liability insurance or participation in a qualifying risk pool pursuant to N.C. Gen. Stat. 160A-485 and related provisions, and/or through conduct constituting a waiver of governmental immunity under North Carolina law.

8. Upon information and belief, the Town is insured under a North Carolina Interlocal Risk Management Agency Workers' Compensation Insurance Trust administered by the NC League of Municipalities. NCIRMA is a league-administered interlocal risk management program, i.e., an insurance pool created so municipalities can pool risk and obtain coverage that functions as liability insurance. The Town's participation in an NCLM/NCIRMA risk program constitutes participation in a "qualifying risk pool" under N.C. Gen. Stat. § 160A-485 (or related provisions), and thus presents a potential waiver of immunity to the extent of coverage. The NCIRMA declarations show the Town has payroll and coverage for "Mayor and Council" and that elected officials are integrated into the covered risk along with other administrative board operations. The Town has purchased Commercial Cyber Insurance specifically identified as "Government Insured." The purchase of that insurance evidences that the Town of Faith did not intend on relying on governmental immunities.

9. Rowan County participates in the North Carolina Association of County Commissioners' (NCACC) governmental risk pools, which provide liability and property coverage as well as workers' compensation coverage to member counties. Rowan County has pool-based liability coverage.

10. Defendant Brian's Break Corp. d/b/a MK Trolley Espresso ("MK Trolley") is a North Carolina corporation that, as alleged, operates a mobile coffee and food service business at 204 N. Main Street, Faith, Rowan County, North Carolina which is owned and

operated by Mabel Jacome and Karina Haddad Jacome of Salisbury, Rowan County, North Carolina.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

12. This Court has supplemental jurisdiction over Plaintiff's related state-law claims, including those brought under North Carolina's Open Meetings Law and Public Records Act, pursuant to 28 U.S.C. § 1367, because those claims form part of the same case or controversy as Plaintiff's federal claims.

13. This Court has personal jurisdiction over all Defendants because they are located in, reside in, or conduct business in the Western District of North Carolina, and the acts and omissions giving rise to this lawsuit occurred within this District.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District, and the Defendants reside in this District.

## FACTUAL ALLEGATIONS

15. Plaintiff operates a lawful coffee and limited food service business in Faith, North Carolina, serving the local community with coffee, espresso beverages, baked goods, and related food items.

16. Plaintiff invested substantial capital in establishing and maintaining its business operation in compliance with applicable regulations.

17. Plaintiff alleges its brick-and-mortar operation required renovations and obtaining building permits, certificates of occupancy, health department approvals, business licenses, and zoning compliance to operate in Faith, North Carolina and Rowan County.

18. Plaintiff alleges it complied with building-code requirements applicable to permanent coffee and food service establishments, including structural requirements, electrical and plumbing inspections, fire safety codes, parking regulations, and accessibility standards.

19. Plaintiff specifically purchased specialty coffee equipment and incurred substantial upfront costs premised on opening a business in Faith, Rowan County, North Carolina in its current location.

20. Upon information and belief, in or around June 3, 2024, MK Trolley established operations at 204 N. Main Street, Faith, North Carolina, and from that date through the filing of this Complaint has operated a mobile food service unit on private property as a de facto permanent restaurant establishment.

21. Based on information and belief, MK Trolley operated by placing its mobile unit at a fixed location, connecting permanent utilities (electrical, water, plumbing, sewer connection, HVAC), constructing decking and customer access areas, and operating continuously without relocating the unit.

22. Upon information and belief, on September 23, 2024, MK Trolley applied for commercial plan review under Rowan County Permit No. REV0924117720, designated as "hospitality and retail business," and County records show the plan review fee was paid but no final building inspection was conducted and no certificate of occupancy was issued for public use.

23. Based on information and belief, despite the absence of final approval or occupancy authorization in County records, MK Trolley is allowed to operate at the Trolley Site and serve customers for over 20 months at the time of filing.

24. Based on information and belief, the Town issued a zoning permit for opening an affixed coffee trolley at the site, and that on or about October 27, 2025, the Town issued a zoning permit to continue the same business use as new owner.

25. Upon information and belief, a handwritten note dated December 2024 in the Town permit file acknowledged the temporary food authorization had expired and that the unit "does need to go to county for perm structure."

26. In March 2025, a representative of Plaintiff submitted a written complaint to Rowan County Building Inspections informing the County of MK Trolley's operations since June 2024, the September 2024 plan review, and the absence of final approval and fire inspection.

27. Plaintiff alleges it was advised that building inspections were the County's responsibility and that MK Trolley had met with Town officials to make sure it would be in compliance.

28. Plaintiff alleges it filed a complaint with the North Carolina State Board of Examiners of Electrical Contractors regarding an electrical permit (ELEC0624114341) issued for a service upgrade at the site, and County staff acknowledged the permit should have never been issued under their own permit-administration rules.

29. Plaintiff alleges the North Carolina Department of Insurance determined the trolley lacked current vehicle registration and therefore could not lawfully operate as a mobile unit, while Rowan County noted that the engine started on the trolley and therefore it was

Case 1:26-cv-00231    Document 1    Filed 03/10/26    Page 6 of 22

mobile and not a permanent structure for building inspection purposes. Nevertheless, Defendants allowed MK Trolley to reopen and continue operating without registrations, insurance, an itinerant merchant permit, County permits, inspections, or occupancy authorization that Plaintiff and other compliant businesses were told were mandatory under the codes for both the Town of Faith and Rowan County.

30. Plaintiff alleges that, upon information and belief, MK Trolley has been allowed to connect to and use a non-potable water source at the site while serving beverages and food to the public, and that the water connection is posted with warnings not to use it for drinking, washing, or cooking.

31. Plaintiff alleges County plumbing plans and permit records reflect the utility configuration was approved only as non-potable service and does not satisfy requirements for potable water supply, sanitation, or handwashing at a fixed commercial establishment, and Defendants have refused corrective enforcement action.

32. Plaintiff alleges that by contrast, Plaintiff was required as a condition of opening to design, permit, and construct compliant potable water, plumbing, and sanitation systems with inspections and approvals.

33. Plaintiff alleges the Town zoning ordinance provides that only one principal building and its customary accessory building may be erected on any lot.

34. Plaintiff alleges the property at 204 N. Main Street contains an existing principal building and the MK Trolley unit operating as a separate commercial use.

35. Plaintiff alleges the Town has failed to enforce this one principal building rule against MK Trolley.

36. Plaintiff alleges it raised concerns with Town and County officials-including Sam Henline, Deborah Horne, Mayor Barger, Karen Fink, Aaron Church, John Hudson, Randy Cress, Allyson Summit, Thomas O'Kelly, and David Prevette-regarding the disparity in regulatory treatment between MK Trolley and compliant businesses like Plaintiff.

37. Upon information and belief, Sam Henline, an employee of the Town of Faith, who was charged with the ministerial acts and execution of a specific duty of ensuring that MK Trolley had an itinerant merchant permit, failed to ensure that one was issued, which would have, at the very least, established a time period for this mobile/permanent non-permitted business to operate in the Town of Faith.

38. This failure to execute the specific duty arising from fixed facts by Mr. Henline as an employee of the Town of Faith constitutes negligence and creates liability for his employer for his omissions and for the Town's continuing retention of him despite knowledge of his failures and breaches.

39. Plaintiff alleges that through counsel on April 16, 2025, it documented apparent violations and sought to understand why Defendants were allowing MK Trolley to operate without compliance and received no response.

40. Plaintiff alleges that, upon information and belief, on or about January 27, 2026, the Town held a planning board meeting (or similar zoning/land-use meeting) at which matters relating to MK Trolley and/or zoning text amendments affecting food trucks in the business district were discussed.

41. Plaintiff alleges that, upon information and belief, no public notice of the January 27, 2026 meeting was provided in accordance with North Carolina's Open Meetings Law.

42. Plaintiff alleges that Plaintiff specifically requested notice of the meeting from the Town of Faith which was not received.

43. Plaintiff alleges that, upon information and belief, at that meeting the Town attorney proposed an ex post facto zoning text amendment intended to allow food trucks in the business district and retroactively legitimize MK Trolley's operation at 204 N. Main Street.

44. Plaintiff alleges that during the course of the conduct alleged, the Town of Faith separated from their zoning officer, replacing that position with a company for compliance namely, Alliance Code Enforcement, LLC ("Alliance").

45. Based on information and belief, the Town of Faith has entered into an outsourcing arrangement under which Alliance Code Enforcement LLC serves as the Town's contract zoning and code administration provider, hosting and operating the Town's zoning application portal and performing front-end intake and processing for zoning compliance, rezoning, special use permits, temporary uses, voluntary annexations, and variances, while all fees are billed to and collected in the Town's name.

46. Upon information and belief, Plaintiff requested from the Town Clerk, via the email address of record (faithtownclerk@yahoo.com), copies of notices and locations of notices for the meeting, and no copies were received as of the time of filing of this Complaint.

47. Based on information and belief, Alliance was not present at the January 27, 2026 meeting because the actions with MK Trolley had preceded its contract.

48. Plaintiff alleges that on November 25, 2025, it submitted a public records request to the Rowan County and Town seeking records relating to MK Trolley at 204 N. Main Street,

including permits, inspections, plan review documents, correspondence and internal communications, and communications with the North Carolina Department of Insurance.

49. Plaintiff alleges that on November 26, 2025 the Town acknowledged receipt and said it would reply on or before December 10, 2025; and on December 10, 2025, the Town produced the records they had which did not contain a Town of Faith Zoning Permit Application.

50. Plaintiff alleges that on December 22, 2025, the County attorney stated the office would attempt to provide emails by mid-January (or later), and rather annoyed and belabored messaged that County staff had expended more than 100 hours addressing the use and inspections.

51. Plaintiff alleges that as of March 3, 2026, more than 100 days have elapsed since the request and Defendants have not produced the requested records or provided a complete response.

### CLAIMS FOR RELIEF AND CAUSES OF ACTION
### VIOLATION OF THE EQUAL PROTECTION CLAUSE 42 U.S.C. §1983
### (CLASS OF ONE)

52. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

53. The Equal Protection Clause prohibits intentional differential treatment of similarly situated persons without a rational basis, including class of one claims where a plaintiff alleges intentional different treatment from others similarly situated and no rational basis for the difference in treatment.

54. A party alleging selective enforcement must show conscious and intentional discrimination; mere laxity in enforcement is insufficient, and the ordinance must be administered "with an evil eye and an unequal hand," requiring a pattern of conscious discrimination.

55. North Carolina General Statute §160A granted zoning authority to municipalities and North Carolina General Statute §153A granted authority to the County. Both were reorganized, consolidated and modernized through Session Law 2019-111 which created North Carolina General Statute §160D in January 2021.

56. North Carolina General Statute §160D-501 allows local governments to adopt local ordinances for zoning while building permits are resolved by the County.

57. North Carolina General Statute §160D-108 and 108.1 expressly provide for vested rights to owners of property recognizing that "local government approval of development typically follows significant investment in site evaluation, planning, development costs, consultant fees, and related expenses. The General Assembly finds that it is necessary and desirable to provide for the establishment of certain vested rights in order to ensure reasonable certainty, stability, and fairness in the development regulation process, to secure the reasonable expectations of landowners, and to foster cooperation between the public and private sectors in land-use planning and development regulation." N.C.Gen. Stat. 160D-108(a).

58. The Legislature has established an expectation that similarly situated land uses enjoy predictable rule-bound treatment under existing regulations and that local governments honor those prior approvals. N.C. Gen. Stat. 160D-108 provides that a vested right, once established as provided for in that section or by common law, precludes any action by a local government that would change, alter, impair, prevent, diminish, or otherwise delay the development or use of the property allowed by the applicable land development regulation or regulations, except where a change in State or federal law mandating local

government enforcement occurs after the development application is submitted that has a fundamental and retroactive effect on the development or use.

59. Plaintiff in this action gained all required governmental approvals of development from Town of Faith and Rowan County as required and relied on that approval.

60. Plaintiff alleges that it and MK Trolley are similarly situated in that both operate coffee and food service businesses, operate in the same zoning district ("Commercial"), operate within less than a mile of one another, are subject to the same "one building rule per lot", food service use, parking requirements, and all ordinances related to operating a food service business, maintain similar operating hours, menus, and required the same governmental approvals in Faith, Rowan County, North Carolina and compete for the same customer base.

61. Plaintiff alleges Defendants intentionally discriminated and treated MK Trolley differently by permitting MK Trolley to operate continuously at the site despite not being an itinerant merchant or permitted as such, not having a building permit, being an unregistered vehicle, having an open plan-review file without a final inspection or certificate of occupancy in County records, without proper permitting, or any of the other violations set forth herein while Plaintiff was required to obtain and maintain permits, inspections, and approvals to operate.

62. Plaintiff alleges Defendants intentionally discriminated and treated MK Trolley differently by permitting food and beverage service while connected to a non-potable water line, while Plaintiff was required to build and maintain compliant potable water and plumbing systems, by permitting parking while Plaintiff was required to build out additional parking, by allowing fire hazards, no public restrooms, and all of the other requirements. The Town

and County were repeatedly notified (with dates to be evidenced in discovery and trial) that MK Trolley lacked a certificate of occupancy, proper permits, or potable water, and that their own notes or the Department of Insurance confirmed violations—but no enforcement followed.

63. Defendants have, at times, investigated the lack of permits and approvals and have requested compliance by MK Trolley but then with repeated, knowing decisions turned a blind eye to any lack of compliance or ongoing issues even when they have originally found them. An example of this is the County determining that the trolley was mobile because the engine started but still providing permits for utilities. The Town determining that the trolley should have an itinerant merchant permit but not having an application on file, not granting one, and permitting the trolley to stay in operation without one. After communications, officials affirmatively allowed MK Trolley to reopen or remain open without requiring concrete steps toward compliance, even while telling Plaintiff such steps were mandatory.

64. Plaintiff alleges that this differential treatment lacked any rational basis related to legitimate governmental interests and instead constituted arbitrary favoritism that caused Plaintiff economic harm and diminished the marketability of Plaintiff's business.

**SECOND CLAIM FOR RELIEF**
**SUBSTANTIVE DUE PROCESS**

65. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

66. Substantive due process protects against government action that unreasonably deprives persons of liberty or property interests, and it forbids conduct that shocks the conscience or is arbitrary or capricious and not substantially related to a valid objective.

Case 1:26-cv-00231     Document 1     Filed 03/10/26     Page 13 of 22

67. Plaintiff alleges it has a protectable property and business interests in operating and marketing its compliant business, and that Defendants' alleged arbitrary enforcement administration severely impaired those interests, including Plaintiff's stated need to sell the business and difficulty doing so.

68. Plaintiff alleges Defendants acted arbitrarily and capriciously by allowing MK Trolley to operate after learning it lacked lawful vehicle registration, by using an ad hoc permanent mobile unit concept, by issuing permits for utilities to attach to electric and water, by allowing operation with an open plan review, by tolerating use of a marked non-potable water connection for a food and beverage operation in a manner that shocks the conscience in its disregard for the health and safety of the community and its patrons.

69. Plaintiff alleges this conduct was not grounded in legitimate health, safety, or welfare objectives and was so egregious and arbitrary as to shock the conscience.

70. Plaintiff has a vested property right in approved land-use entitlements for their location.

71. The actions of the Town and County committed arbitrary government action that effectively nullifies that vested right—not by changing the rules, but by selectively refusing to enforce them against a very closely located and unpermitted and unregistered competitor—implicating a core property interest that constitutes a taking by the Government which deserves heightened substantive due process protection.

72. The conscience-shocking arbitrary favoritism in enforcement has destroyed Plaintiff's ability to meaningfully use or sell its business in a very small population area where the Plaintiffs requests to governmental officials to require compliance with statutes and ordinances and ministerial acts (not discretionary acts) has resulted in defamation, gossip, and innuendo targeted against Plaintiff.

73. The disparate regulation deprived the Plaintiffs of all economically beneficial use of their vested right in the Property and its land use entitlements.

74. Even under rational-basis review, the conduct is so irrational and targeted that it violates substantive due process.

75. The alleged actions of the Defendants were not discretionary, they intentionally failed to require permits, registration, and simple applications and actions of MKTrolley that are required of all other lawful businesses.

76. As a direct and proximate result, Plaintiff seeks compensatory damages, nominal damages, declaratory relief, and injunctive relief.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF OPEN MEETINGS LAW

77. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

78. North Carolina's Open Meetings Law, N.C. Gen. Stat. 143-318.9 et seq., defines a "public body" and "official meeting" and generally requires official meetings of a public body to be open to the public.

79. Plaintiff alleges the Town of Faith planning board (or comparable zoning/land use body) is a "public body" as defined by N.C. Gen. Stat. 143-318.10(d) and is subject to the Open Meetings Law.

80. Plaintiff alleges that, upon information and belief, the Town held an official meeting on January 27, 2026 at which substantive zoning and land-use matters were discussed, including matters relating to MK Trolley and proposed text amendments.

81. Plaintiff alleges the Town of Faith failed to provide the required public notice of that meeting as mandated by N.C. Gen. Stat. 143-318.12, depriving Plaintiff of the

opportunity to attend and observe governmental decision-making affecting Plaintiff's business interests and constitutional rights.

82. Plaintiff alleges that Dawn Davis did specifically request and no notice was provided.

83. Plaintiff seeks declaratory and injunctive relief pursuant to N.C. Gen. Stat. 143-318.16A, reasonable attorney's fees and costs as provided by N.C. Gen. Stat. 143-318.16A(d), and such other relief as available under North Carolina law.

## COUNT IV - VIOLATION OF NORTH CAROLINA PUBLIC RECORDS ACT (N. C. GEN. STAT. § 132-1 ET SEQ. )

84. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

85. Plaintiff alleges it submitted a public records request on November 25, 2025 to the Town of Faith and Rowan County for records relating to M&K Trolley pursuant to N.C. Gen. Stat. 132-6.

86. Plaintiff alleges Defendants failed to provide responsive documents "as promptly as possible" as required by N.C. Gen. Stat. 132-6(a), providing only minimal responsive documents and delaying production for more than 93 days through February 27, 2026, without providing any explanation for the delay or asserting any statutory exemption.

87. A prolonged, unjustified delay in producing records is treated as a de facto denial.

88. Plaintiff seeks attorney's fees under the provisions for remedy of N.C. Gen. Stat. § 132-9.

89. Plaintiff seeks equitable and declaratory relief, an order compelling the release of the documents, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. § 132-9(c), and such other relief as available under North Carolina law.

## COUNT V - PETITION FOR WRIT OF MANDAMUS (MISADMINISTRATION OF ENFORCEMENT DUTIES)

90. Plaintiff realleges and incorporates by reference all preceding paragraphs.

91. Under North Carolina law, mandamus is an appropriate remedy to compel a public official or governmental entity to perform a clear, ministerial legal duty where there is no other adequate remedy at law. Town of Faith officials have a clear, ministerial, non-discretionary legal duty to administer enforcement responsibilities consistently and non-discriminatorily for all businesses operating within the Town, including the administration of State-mandated safety, occupancy, and itinerant merchant requirements under the North Carolina State Building Code (N.C. Gen. Stat. 143-138 et seq.), the North Carolina Fire Prevention Code (N.C. Gen. Stat. 58-79-1 et seq.), and the Itinerant Merchant statutes (N.C. Gen. Stat. 66-250 through 66-254).

92. Despite this clear ministerial duty, the Town of Faith has repeatedly failed and refused to administer enforcement responsibilities against M&K Trolley in a manner consistent with the standards imposed on Plaintiff and other businesses, including by allowing M&K Trolley to operate without: (a) completion of commercial plan review and final inspections as required by N.C. Gen. Stat. 143-139.1; (b) issuance of a certificate of occupancy as required by N.C. Gen. Stat. 160D-1116; (c) proper administration of itinerant merchant owner authorization and registration requirements as required by N.C. Gen. Stat. 66-250 through 66-254; and (d) compliance with State-mandated safety and occupancy prerequisites applicable to a fixed commercial operation.

93. The Town of Faith's failure to perform these mandatory ministerial duties has resulted in ongoing, irreparable harm to Plaintiff, including unfair competition, loss of customers and revenue, diminished marketability and value of Beauty & The Bean, and continued

violations of Plaintiff's equal protection and due process rights through arbitrary and preferential misadministration of enforcement responsibilities.

94. Plaintiff has no adequate remedy at law to compel the Town to perform these duties. Monetary damages alone cannot remedy the continuing competitive harm and ongoing constitutional injury caused by the Town's continued misadministration and non-enforcement with respect to M&K Trolley.

95. Defendants Rowan County and Town of Faith's duty to administer enforcement consistently is grounded in their adoption and use of the North Carolina State Building Code (N.C. Gen. Stat. 143-138 et seq.), the North Carolina Fire Prevention Code (N.C. Gen. Stat. 58-79-1 et seq.), and the itinerant-merchant framework of N.C. Gen. Stat. §§ 66-250 through 66-254, which do not permit ad hoc exemptions for favored businesses.

96. Plaintiff is therefore entitled to a writ of mandamus directing the Town of Faith to immediately and uniformly administer its enforcement responsibilities as to M&K Trolley.

97. MK Trolley was denied the ability to operate in Granite Quarry, North Carolina after parking by the Town of Granite Quarry without meeting similar requirements and was aware of the regulations which it has demonstrated by the September 2024 open plan review.

98. Despite being informed of the requirements over the past twenty or more months, the Defendant, Trolley, has shown a disregard for any intention of compliance.

99. Plaintiffs request that the Court order a writ of mandamus requiring .the Town of Faith and Rowan County to administer enforcement responsibilities against M&K Trolley under the same enforcement framework and prerequisites the Town and County applies

to Plaintiff and other businesses, which may include requiring M&K Trolley to cease operations unless and until it complies with all applicable requirements.

100.     Plaintiff has been required to retain the services of an attorney to prosecute these claims.

## COUNT VI - DECLARATORY AND INJUNCTIVE RELIEF (CLARIFICATION OF ENFORCEMENT ADMINISTRATION)

101. Plaintiff realleges and incorporates by reference all preceding paragraphs.

102. An actual, present controversy exists between Plaintiff and Defendants concerning the lawful administration of enforcement responsibilities in Faith and Rowan County. Plaintiff contends that Defendants are required to administer State mandated safety, occupancy, and itinerant merchant frameworks in a uniform, nondiscriminatory manner to all similarly situated businesses, and that Defendants' current misadministration in favor of MK Trolley is unlawful and unconstitutional.

103. Defendants have administered their enforcement programs so that MK Trolley has been allowed to operate for an extended period at 204 N. Main Street without completion of commercial plan review, without final inspections, without a certificate of occupancy, without required itinerant merchant owner authorization, and without lawful vehicle registration, while imposing those same administrative requirements on Plaintiff as conditions of operation.

104. Defendants' ongoing pattern of misadministration and selective non enforcement has created continuing uncertainty regarding Plaintiff's rights, has chilled Plaintiff's ability to market and sell Beauty & The Bean, and has undermined Plaintiff's expectation that enforcement frameworks will be administered uniformly.

105. Plaintiff seeks a declaratory judgment that:

a) Defendants' selective misadministration and non-enforcement of safety, occupancy, and itinerant merchant duties in favor of MK Trolley, while strictly administering those duties against Plaintiff, violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment and Article I, Section 19 of the North Carolina Constitution; and

b) Defendants have a legal obligation to administer their enforcement programs in a uniform, nondiscriminatory manner to all similarly situated businesses, including Plaintiff and M&K Trolley.

c) Plaintiff further seeks preliminary and permanent injunctive relief requiring Defendants to:

d) Administer their enforcement responsibilities with respect to M&K Trolley under the same safety, occupancy, and itinerant merchant frameworks and prerequisites applied to Plaintiff and other similarly situated businesses.

e) Refrain from granting informal exemptions, ad hoc categories, or "permanent mobile unit" treatment that have the effect of avoiding otherwise mandatory administrative prerequisites; and

f) Provide Plaintiff with written notice of, and access to, non-privileged records reflecting enforcement decisions and administrative actions concerning M&K Trolley, to allow Plaintiff to verify that enforcement is being administered on an equal and nondiscriminatory basis.

g) Inform Plaintiff and the public of all open meetings.

h) Declaratory and injunctive relief is necessary and appropriate to resolve this controversy, to prevent further harm to Plaintiff, and to ensure that Defendants'

enforcement administration complies with State law, constitutional guarantees, and their own written enforcement policies.

i) Plaintiff has been required to retain the services of an attorney to prosecute these claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants and award the following relief.

1. A declaration that Defendants' alleged selective misadministration and non-enforcement in favor of MK Trolley, while strictly administering those responsibilities against Plaintiff, violates the Equal Protection Clause and the Due Process Clause as pleaded.

2. A declaration that Defendants violated North Carolina's Open Meetings Law, as pleaded, by holding a meeting on January 27, 2026 without providing required public notice.

3. A declaration that Defendants violated North Carolina's Public Records Act, as pleaded, by failing to produce responsive public records as promptly as possible in response to Plaintiff's November 25, 2025 request.

4. Declaratory relief regarding the Town zoning ordinance's "one principal building" rule as pleaded in relation to MK Trolley's operation at 204 N. Main Street. ,.

5. Preliminary and permanent injunctive relief requiring Defendants to administer safety, occupancy, and related enforcement responsibilities with respect to MK Trolley under the same prerequisites applied to Plaintiff, as pleaded.

6. Injunctive relief requiring compliance with North Carolina's Open Meetings Law for future meetings, as pleaded.

7. An order compelling production of public records responsive to Plaintiff's November 25, 2025 request, as pleaded.

8. Compensatory damages for economic losses, competitive disadvantage, loss of business opportunities, and diminution in value and marketability as pleaded.

9. Nominal damages for the alleged constitutional violations as pleaded.

10. An order for attorney's fees under the statutes and causes of action so plead.

11. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of March, 2026.

/s/ Stephanie DeMaioribus

THE COOPER LEGAL FIRM, PC
Stephanie Cooper DeMaioribus, Esq.
North Carolina State Bar No. 50362
5620 Concord Parkway S, Suite 103
Concord, NC 28027
Telephone: (704) 940-3236
Facsimile: (704) 366-6363
Email: sc@cooperlegalfirm.com
Attorney for Plaintiff